IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN MCKENZIE, | ) | |
|     Plaintiff | ) | C.A. No. 14-320 Erie |
| | ) | |
| v | ) | **District Judge Rothstein** |
| | ) | **Magistrate Judge Baxter** |
| JOHN WETZEL, et al., | ) | |
|     Defendants | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 11] be granted. It is further recommended that, pursuant to the authority granted the Court by the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants John Doe and Jane Doe be dismissed.

## II.    REPORT

### A.    Relevant Procedural History

On December 30, 2014, Plaintiff Justin McKenzie, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are: John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Dorina Varner, Chief Grievance Officer ("Varner"); Michael Overmyer, Superintendent at SCI-Forest ("Overmyer"); Derek Oberlander, Deputy Superintendent at SCI-Forest ("Oberlander"); Kevin

Dittman, Dietary Supervisor at SCI-Forest ("Dittman"); Ryan Reynolds, Shift Supervisor at SCI-Forest ("Reynolds"); Tammy Johnson, Nurse at SCI-Forest ("Johnson"); and two unnamed Defendants identified as "John Doe" and "Jane Doe."[1]

Plaintiff claims that Defendants violated his rights under the eighth amendment to the United States Constitution. In particular, Plaintiff alleges that on March 1, 2014, he was served food contaminated with "human waste" at the SCI-Forest dining hall; and on April 11, 2014, he was refused medical treatment in response to his sick call request after he had been "in a lot of pain for many days." As relief for his claims, Plaintiff seeks declaratory relief and monetary damages.

On June 19, 2015, Defendants filed a motion to dismiss [ECF No. 11], arguing that Plaintiff has failed to establish the necessary personal involvement of Defendants Wetzel, Varner, Overmyer, and Oberlander, and has otherwise failed to state a cognizable Eighth Amendment claim. Plaintiff has since filed a brief in opposition to Defendants' motion. [ECF No. 37]. This matter is now ripe for consideration.

**B.** **Relevant Factual History**

Plaintiff alleges that on March 1, 2014, he became physically ill after eating a meal of macaroni with green peppers and onions that was served at SCI-Forest's dining hall. He was later informed that another inmate put human feces in the green peppers and onions. (ECF No. 5, Complaint, at ¶¶ 1-2). On March 9, 2014, Plaintiff filed a grievance regarding the incident. (ECF

---

[1] The unnamed Defendants have not been further identified or served with the Complaint in this case, nor has an

No. 11-2 at p. 2). In an Initial Review Response dated March 31, 2014, Defendant Oberlander denied Plaintiff's grievance, but confirmed that, on March 1, 2014, an inmate did put feces in a bin of green peppers, and that Defendant Reynolds contacted Defendant Dittman to inform him about the incident. (ECF No. 5-1 at p. 6). According to Defendant Oberlander's response, the contaminated food was disposed of, the blood and body crew sanitized the area and equipment, and "[a]t no time was the contaminated food, the [contaminated] barrel, or the [contaminated] kettle used to prepare the meal for that night." (Id.). Nonetheless, Plaintiff alleges that he subsequently met with Defendant Dittman and members of the blood and body crew on April 11, 2014, at which time one of the crew members, inmate Blaylock, allegedly told Defendant Dittman that the contaminated kettle could not be sanitized. (ECF No. 5, Complaint, at ¶ 6). Nonetheless, Defendants Overmyer and Varner denied Plaintiff's appeals from Defendant Oberlander's denial of his grievance. (Id. at ¶¶ 10-12).

In an unrelated incident, on April 11, 2014, Plaintiff submitted a sick call request because he had been "in a lot of pain for many days;" however, Defendant Johnson allegedly refused to see him. (Id. at ¶ 7). Plaintiff filed a grievance regarding this incident, but the grievance was denied upon initial review and Defendants Overmyer and Varner upheld the denial. (Id. at ¶¶ 8-9, 14).

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

---

attorney entered an appearance on their behalf.

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d

Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

> The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:
>
> > To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
> >
> > First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th

Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Personal Involvement

Defendants argue that Plaintiff has failed to establish the personal involvement of Defendants Wetzel, Varner, Overmyer, and Oberlander in the alleged Eighth Amendment violations and, thus, Plaintiff's claims against said Defendants should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14

(E.D.Pa. Nov. 2, 2006).

Here, Plaintiff's only claim against Defendant Wetzel is that Plaintiff contacted him regarding the contaminated food incident, but he did not investigate. Plaintiff's claims against Defendants Varner, Overmyer, and Oberlander stem from their responses to his grievances and their alleged failure to investigate. These actions fail to implicate the personal involvement of any of these Defendants in the alleged Eighth Amendment violations of which Plaintiff complains. As a result, Plaintiff's claims against these Defendants should be dismissed.

### 2. Eighth Amendment Claim re: Food Contamination

Plaintiff claims that he became physically ill as a result of being served food containing human feces on March 1, 2014, because Defendants Reynolds and Dittman allegedly failed to dispose of the contaminated food and failed to sanitize the contaminated kettle. In other words, Plaintiff is essentially claiming that Defendants Reynolds and Dittman were deliberately indifferent to his health and safety in violation of the Eighth Amendment.

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (holding that, at a minimum, correctional institutions must provide inmates with "adequate food, clothing, shelter, sanitation,

medical care, and personal safety"). However, in order for conditions of confinement to be considered cruel and unusual under the Eighth Amendment, the deprivation of "the minimal civilized measure of life's necessities" must be "widespread." See McCluskey v. Vincent, 505 Fed. Appx. 199, 204 (3d Cir. 2012) (internal citations omitted). Only extreme deprivations are sufficient to establish an Eighth Amendment violation. See Dockery v. Beard, 509 Fed. Appx. 107, 112 (3d Cir. 2013), citing Farmer, 511 U.S. at 834; Rhodes, 452 U.S. at 347; Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim).

Here, Plaintiff has alleged only one instance of being served contaminated food. Even assuming Plaintiff's allegations are correct, an isolated instance of food contamination falls far short of the level of deprivation required to establishing an Eighth Amendment violation. See Lindsey v. O'Connor, 327 Fed. Appx. 319, 321 (3d Cir. 2009) ("The purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation") (citation omitted); Thomas v. SCI-Graterford, 2014 WL 550555, at *4 (E.D.Pa. Feb. 12, 2014) (single instance of mouse feces in food found insufficient); Murray v. Allen, 2010 WL 4159261 (E.D.Pa. Oct. 21, 2010) (single instance of human tooth found in prison meal was insufficient to establish Eighth Amendment claim); Allen v. Maryland, 2010 WL 727753, at *1 (D.Md. Feb. 25, 2010) ("To state a constitutional violation for unsanitary food preparation an inmate must do more than allege a single or isolated incident of contamination").

Based on the foregoing, Plaintiff's Eighth Amendment claim of deliberate indifference to his health and safety arising from the food incident of March 1, 2014, should be dismissed.

### **3.** **Eighth Amendment Claim re: Denial of Medical Treatment**

Plaintiff claims that Defendant Johnson was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights when she refused to see him in response to his sick call request of April 11, 2014.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need[2] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106.

---

2
A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

"Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, the circumstances surrounding Plaintiff's claim are further elaborated by the initial review response he received on May 19, 2014, to his Grievance # 506183 (ECF No. 11-2, at p. 15). As Plaintiff alludes to in his complaint, the response indicates that Plaintiff's sick call request was denied because his pain complaints were non-emergent and he was already scheduled to be seen by medical staff the following day. (Id.; ECF No. 5, Complaint, at ¶ 8). The response indicates further that Plaintiff's complaints pertained to "non-specific left knee pain from a fall 2 days prior." (ECF No. 11-2, at p. 15).

First, this Court has held in the past that knee pain caused by a recent injury that has lasted only a few days is not considered a serious medical condition. Royster v. Beard, 2013 WL 4786028, at *5 (W.D.Pa. Sept. 6, 2013), citing, inter alia, Brandner v. First Correctional, 167 Fed. Appx. 328, 329-30 (3d Cir. 2006) (failing to treat pain and swelling in knee does not rise to the level of deliberate indifference to inmate's serious medical needs). Second, "a delay in

providing medical treatment … does not rise to the level of a constitutional violation unless it results in substantial harm." Phillips v. Rustin, 009 WL 1688466, at *6 (W.D.Pa. 2009) (citations omitted). In Phillips, a delay of six days did not state a constitutional violation where there was no indication of harm attributable to the delay. Accord Evans v. Rozum, 2009 WL 5064490, at *6 (W.D.Pa. Dec. 17, 2009) (two day delay insufficient). Here, Plaintiff has not alleged any harm that he suffered as a result of the minimal one-day delay in medical treatment he is alleged to have experienced. Thus, Plaintiff has failed to state a cognizable Eighth Amendment claim of deliberate indifference to a serious medical need, and the same should be dismissed, accordingly.

### 4. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by

prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under §1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the unnamed Defendants identified as John Doe and Jane Doe were never served in this case, in contravention of this Court's orders, and none of them has had an attorney enter an appearance on his or her behalf. As a result, these Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not served within 120 days of the date(s) they were named as Defendants in this case.

---

[3] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 11] be granted. It is further recommended that, pursuant to the authority granted the Court by the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants John Doe and Jane Doe be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: February 10, 2016

cc: The Honorable Barbara Rothstein
United States District Judge